UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>RLP MERCER VALLEY, LLC, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:15-CV-668 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff's motion for default judgment. (Doc. # 31).

Plaintiff moves the court to enter default judgment against defendant RLP Mercer Valley, LLC. (*Id.*). Plaintiff filed an unexecuted summons return with the court, but provided an affidavit of due diligence. (Doc. # 11). Defendant has not filed an answer to the complaint and the deadline date for filing an answer has passed. Plaintiff filed a motion for entry of clerk's default, and the clerk of the court entered default against defendant. (Docs. ## 28, 29).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving

**James C. Mahan**
**U.S. District Judge**

party may then seek entry of a default judgment against the defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

Plaintiff has properly complied with Rule 55. Defendant has not appeared and answered, and plaintiff has provided an affidavit detailing its due diligence to serve the defendant. The deadline date for filing an answer has expired. After considering the *Eitel* factors, the court finds it appropriate to enter default judgment against the defendant.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (doc. # 31) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECRRED that plaintiff shall prepare and file an appropriate judgment for the court's signature.

DATED January 20, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge