UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>                    Plaintiff(s),<br><br>         v.<br><br>RLP MERCER VALLEY, LLC, et al.,<br><br>                    Defendant(s). | Case No. 2:15-CV-668 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant RLP Mercer Valley's motion to set aside default judgment. (ECF No 42). Plaintiff Carrington Mortgage Services filed a response (ECF No 42), and defendant filed a reply. (ECF No 43). Also before the court is plaintiff's motion for judgment. (ECF No 39).

**I.     Background**

The facts of the instant cases are familiar to the court and the parties. Defendant is title owner of the property commonly known as 6232 Mercer Valley, North Las Vegas, Nevada, 89081, parcel No. 124-32-216-004 (the "property"). Plaintiff initiated the present action seeking a declaration that its deed of trust was not wiped out by the foreclosure of a super-priority HOA lien. Plaintiff filed the complaint and attempted service on defendant at 5836 S. Pecos, Las Vegas, NV 89120. (ECF No. 21, Exh. A). Defendant claims that this was the incorrect address. Defendant asserts that it was not until after the default judgment had been granted that default judgment and supporting documentation was sent to the address of the property at issue. Defendant states it was then notified by the property's current residents about the suit and promptly contacted plaintiff to attempt to stipulate to set aside the default judgment. (ECF No. 42). No agreement was reached and defendant filed the instant motion.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). This test is disjunctive, and proof of any of these three factors may justify setting aside the default. *See Brandt v. Amer. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). The Ninth Circuit's stated policy favors adjudication of disputes on their merits, with all doubts resolved in favor of setting aside the default. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

## III. Discussion

Defendant did not file a response because it did not have actual knowledge of the lawsuit until after the default judgment was entered. (ECF No. 42). It was only after the default judgment was entered and plaintiff mailed the default judgment to the property that defendant became aware of the lawsuit. Defendant has claim to the property at issue; it purchased the property at an HOA foreclosure sale pursuant to NRS 116.3116.

It appears that the defendant made a good-faith effort to respond to the lawsuit as soon it received notice and did not engage in culpable conduct that led to the default. Defendant's claim to the property demonstrates a meritorious defense, and it has retained counsel and demonstrated intent to defend against plaintiff's claims. Moreover, the court does not find that setting aside the default judgment would prejudice the plaintiff. Accordingly, the court finds good cause to set aside the default against defendant. The court thus denies plaintiff's motion for judgment against defendant as moot.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set aside default judgment (ECF No. 42) be, and the same hereby is, GRANTED. The clerk of

**James C. Mahan**
**U.S. District Judge**

- 2 -

court is instructed to set aside the default (ECF No. 38) against defendant. Defendant must answer or otherwise respond to the complaint within twenty-one (21) days of this order.

IT IS FURTHER ORDERED that plaintiff's motion for judgment (ECF No. 39) be, and the same hereby is, DENIED as moot.

DATED August 8, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**