UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RLP MERCER VALLEY, LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:15-cv-00668-JCM-CWH<br><br>ORDER |

　　　　Presently before the court is plaintiff Carrington Mortgage Services, LLC's ("Carrington") motion for reconsideration. (ECF No. 98). Defendant Shadow Springs Community Association ("Shadow Springs") filed a response. (ECF No. 104). Carrington did not file a reply and the time to do so has passed.

　　　　Also before the court is Carrington's motion for attorney's fees. (ECF No. 99). Shadow Spring filed a response (ECF No. 107), to which Carrington replied (ECF No. 110).

**I.　　Facts**

　　　　This case involves a dispute over real property located at 6232 Mercer Valley Street, North Las Vegas, Nevada, 89081 (the "property"). (ECF No. 1)

　　　　On July 8, 2008, Francisco and Esperanza De Mesa (the "De Mesas") purchased the property. (ECF No. 69). The De Mesas financed the purchase with a loan in the amount of $184,110.00 from Taylor, Bean & Whitaker Mortgage Corp. ("Taylor"). (ECF No. 58-2). Taylor secured the loan with a deed of trust, which it recorded July 24, 2008. *Id*. The deed of trust identified Taylor as the lender, Equity Title of Nevada as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*.

On August 12, 2012, a corporate assignment of deed of trust was recorded, whereby MERS assigned all beneficial interest in the deed of trust and note to Bank of America, N.A. ("BANA"), successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing, LP ("BAC Home Loans"). (ECF No. 69). On February 3, 2015, an assignment of deed of trust was recorded, whereby BANA as successor by merger to BAC Home Loans, assigned all beneficial interest in the deed of trust to Carrington. *Id*

On February 18, 2010, Shadow Springs, through its agent defendant Red Rock Financial Services, LLC ("Red Rock"), recorded a notice of delinquent assessment lien (the "lien") against the property for the De Mesas failure to pay Shadow Springs in the amount of $788.60. (ECF No. 69). On April 2, 2010, Shadow Springs recorded a notice of default and election to sell pursuant to the lien, stating an amount due of $1,731.41. *Id.*

On June 4, 2010, Carrington's predecessor in interest requested from Shadow Springs the superpriority amount of the lien. (ECF No. 70). On June 21, 2010, Shadow Springs provided a payoff ledger of the De Mesas' delinquent payment history. (ECF No. 89-4). The payoff ledger shows an outstanding balance of $2,197.95 but does not state what portion of the balance constitutes the superpriority portion of the lien. *Id*. The ledger also does not include charges for maintenance and nuisance abatement. *Id*. The ledger does state, however, that Shadow Springs' monthly assessments against the property were $52.00. *Id*.

Carrington's predecessor in interest used the ledger to calculate the superpriority amount as $468.00, the sum of nine months of assessments. *Id*. On July 16, 2010, Carrington's predecessor in interest sent a letter and a check in that amount to Shadow Springs. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Shadow Springs rejected the check without explanation. (ECF Nos. 69, 70).

On January 11, 2013, Shadow Springs recorded a notice of foreclosure against the property. (ECF No. 58-6). On February 6, 2013, Shadow Springs sold the property in a nonjudicial foreclosure sale to defendant RLP Mercer Valley, LLC ("RLP") in exchange for $7,000.00. (ECF No. 58-8). On February 13, 2013, RLP recorded the foreclosure deed with the

2

| | |
|---|---|
| 1 | Clark County recorder's office. *Id*. |
| 2 | On April 13, 2015, plaintiff filed its original complaint in this action. (ECF No. 1). On |
| 3 | April 24, 2017, plaintiff filed its first amended complaint. (ECF No. 58). The amended |
| 4 | complaint alleges the following claims: (1) quiet title/declaratory relief pursuant to U.S.C. § |
| 5 | 2201, NRS 30.010, and NRS 40.010 against all defendants; (2) permanent injunction against |
| 6 | Carrington; (3) wrongful/defective foreclosure against RLP; (4) breach of contract against the |
| 7 | Shadow Springs; and (5) breach of the covenant of good faith and fair dealing against the |
| 8 | Shadow Springs. *Id.* |

On June 2, 2017, Shadow Springs filed crossclaims against Red Rock. (ECF No. 64). The crossclaims allege the following causes of action: (1) implied indemnity; (2) contribution; (3) apportionment; (4) express indemnity; (5) equitable indemnity; (6) breach of contract; and (7) declaratory relief. *Id.*

On July 3, 2018, the court denied Carrington's motion for summary judgment, partially on the grounds that Carrington did not tender the superpriority amount of the lien. (ECF No. 74). On December 26, 2018, Carrington moved for reconsideration. (ECF No. 88). On February 8, 2019, the court granted Carrington's motion in light of an intervening change in controlling law. (ECF No. 96). The next day the clerk entered judgment in accordance with the court's order. (ECF No. 97).

Now, Carrington moves again for reconsideration, requesting that the court amend its February 8, 2019, order and vacate the clerk's judgment. (ECF No. 98). Carrington also moves for attorney's fees. (ECF No. 99).

**II.     Legal Standard**

   *a. Reconsideration*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5

F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

*b. Attorney's fees*

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. REV. Stat. § 18.010.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorney's fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms

4

of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

The party moving for attorney's fees must also meet the requirements set forth in Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
> (3) A brief summary of:
> (A) The results obtained and the amount involved;
> (B) The time and labor required;
> (C) The novelty and difficulty of the questions involved;
> (D) The skill requisite to perform the legal service properly;
> (E) The preclusion of other employment by the attorney due to acceptance of the case;
> (F) The customary fee;
> (G) Whether the fee is fixed or contingent;
> (H) The time limitations imposed by the client or the circumstances;
> (I) The experience, reputation, and ability of the attorney(s);
> (J) The undesirability of the case, if any;
> (K) The nature and length of the professional relationship with the client;
> (L) Awards in similar cases; and
> (M) Any other information the court may request.

LR 54-14(b).

Further, a motion for attorney's fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54-16(c). A failure to provide the documentation required by LR 54-16(b) and (c) in a motion for attorney's fees "constitutes a consent to the denial of the motion." LR 54-16(d).

**III.    Discussion**

Before the court are two motions. First, the court will deny Carrington's motion for reconsideration because Carrington has not provided sufficient grounds to warrant vacating the court's judgment. Second, the court will deny Carrington's motion for attorney's fees because RLP reasonably contested Carrington's quiet title claim.

*a. Reconsideration*

In its February 8, 2019, order, the court held that the foreclosure sale did not extinguish

the deed of trust and instructed the clerk to enter judgment accordingly. (ECF No. 96). Carrington argues that the court should vacate the judgment and amend the order so that it no longer instructs the clerk to enter judgment because the court did not dispose of Carrington, RLP, and Shadow Springs' non-quiet title claims. (ECF No. 98). The court disagrees.

This action concerns competing quiet title claims over the property. *See* (ECF Nos. 58, 64). When the court granted summary judgment on Carrington's quiet title claim, it resolved the central dispute in this litigation and rendered all other issues moot. Carrington's remaining causes of action, which were pleaded in the alternative, are no exception. *See* (ECF No. 58). Therefore, the court will deny Carrington's motion for reconsideration.

*b. Attorney's fees*

Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010. Carrington requests that the court award attorney's fees against RLP under NRS 18.010(2)(b). (ECF No. 99). The pertinent provisions of the statute provide:

> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
> . . .
>
> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party . . .

Nev. Rev. Stat § 18.010(2)(b). A court can exercise its discretion and award attorney's fees pursuant to NRS 18.010 only when there is evidence supporting the court's finding that the opposing party's claim or defense was unreasonable or brought to harass. *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009).

Carrington argues that RLP asserted an unreasonable quiet title claim/defense because Carrington sent to RLP a check for the superpriority portion of the lien prior to the foreclosure sale. (ECF No. 99). RLP contends that it reasonably litigated this action in good faith as RLP asserted multiple legal theories that could have prevailed. (ECF No. 107).

On July 3, 2018, the court entered summary judgment against Carrington and held that Carrington did not tender the superpriority portion of the lien. (ECF No. 74). The court's July 3, 2018, order was based on unsettled law suggesting that Carrington should have used alternative legal remedies to prevent the foreclosure sale. *Id*.

Approximately two months later, the Nevada Supreme Court clarified the applicable law and held that sending a check for nine months of common assessments constitutes valid tender when an HOA does not indicate that the property had any charges for maintenance or nuisance abatement. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (*Bank of America*). On February 8, 2019, the court vacated its previous order and entered summary judgment in favor of Carrington in light of the Nevada Supreme Court's opinion in *Bank of America*. (ECF No. 96).

The July 3, 2018, order shows that RLP proceeded on legal theories that were likely to prevail under then applicable law. Moreover, after the Nevada Supreme Court issued its opinion in *Bank of America*, RLP raised procedural and substantive arguments in opposition to Carrington's motion for reconsideration that addressed the court's procedural posture and evolving mandatory authority. *See* (ECF No. 91). These litigation practices were appropriate considering that RLP maintained a reasonable chance of establishing superior title to the property. Therefore, the court will deny Carrington's motion for attorney's fees.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Carrington's motion for reconsideration (ECF No. 98) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Carrington's motion for attorney's fees (ECF No. 99) be, and the same hereby is, DENIED.

DATED THIS 2nd day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE